# Exhibit A

1

Philibert Kongtcheu 195 Binney Street
Cambridge, MA 02142
email: kongtcheu@gmail.com
Tel: 646-535-8027|

COMMONWEALTH OF MASSACHUSETTS

MIDDLESEX COUNTY SUPERIOR COURT

200 TRADE CENTER, 2ND FLOOR, WOBURN, MA 01801

JURISDICTION

| | |
|---|---|
| PHILIBERT KONGTCHEU,<br><br>Plaintiff;<br><br>vs.<br>COMCAST CORPORATION;<br><br>COMCAST REPRESENTATIVE X;<br><br>COMCAST REPRESENTATIVE BHAVYA;<br><br>COMCAST REPRESENTATIVE CURTIS XFINITY - EXECUTIVE CUSTOMER RELATIONS;<br><br>COMCAST REPRESENTATIVE GABRIELLE K. XFINITY - EXECUTIVE CUSTOMER RELATIONS;<br><br>COMCAST REPRESENTATIVE CHERYL L. XFINITY - EXECUTIVE CUSTOMER RELATIONS;<br><br>CREDENCE RESOURCE MANAGEMENT, LLC<br><br>Defendants | Civil Action Case No.: 2581CV1324<br><br>COMPLAINT<br><br>RECEIVED    5/28/2025 |

**JURISDICTION**

This court has jurisdiction under Libel Laws Mass. Gen. Laws ch. 231, and regulations promulgated thereunder; the Fair Debt Collection Practices Act 15 U.S.C. § 1692 –1692p, and Mass. Gen. Laws ch. 93, §24-28. Mass. Gen. Laws ch. 93, §49, the Fair Credit Reporting Act 15 U.S.C. § 1681 et seq ("FCRA"), and Chapter 93, §§ 50-68 of Massachusetts General Laws concerning Consumer Credit Reporting Agencies ("State FCRA"), 940 CMR 7.00;

*COMPLAINT - 1*

Date Filed 5/28/2025 2:03 PM
Superior Court - Middlesex
Docket Number

## VENUE

The venue in the Commonwealth of Massachusetts' Middlesex County Superior Court is appropriate as this case substantially involves violations of State Laws Statutes, and the plaintiff Philibert Kongtcheu (a.k.a "Plaintiff" or "the plaintiff") resides in Middlesex County.

## CAUSE OF ACTION

## SUMMARY

This case details plaintiff's Odyssey of trials on the journey to cancel a mobile phone service from Defendant Comcast Corporation's Xfinity Mobile Service and related parties starting in February 2024, and continuing to this day with no end in sight, as if in a remake of a 'Fatal Attraction' movie, except that here, the object of original attraction is infinitely more trivial, involves nothing of an embarrassing nature to the plaintiff, yet the damages caused is nothing trivial.

Plaintiff at long last escapes to this court to seek relief that is justly injunctive and compensatory.

## I.   STATEMENT OF FACTS

### A.  Service communications with Defendant Comcast

Plaintiff initially requested to end the Defendant Comcast's Xfinity Mobile service associated with his mobile phone from Defendant Comcast around February 2024 alerted

Date Filed 5/28/2025 2:03 PM
Superior Court - Middlesex
Docket Number

by a spike in his bill from around $32/month since May 2023 to $47.9 in January and $36.92 in February 2024 by phone call to Xfinity Mobile Customer Service Line.

On June 19, 2024, noticing that he was still being charged for service and that they make it very convoluted for a customer to disconnect service via phone, and alarmed by customers feedback on several online forums such as Reddit, Plaintiff initiated the contact this time via their online consumer support chat service around 1:15pm hoping that it would be easier to keep a record of interactions.

After indicating to a defendant's representatives that he wanted to cancel his mobile phone line, the plaintiff would be bounced from one representative to the next, each trying to keep the plaintiff under one service or another, or to sign him up for one new service or another with bait and switch tactics.

Specifically at around 2:40pm on that date, Plaintiff started taking screenshots of communications with unidentified Comcast Representative X, to bring certainty as they pitched a superficially appealing plan, using slippery language.

Plaintiff hereby includes as appendix A, all the screenshots he was able to take on that date, with transcripts and contextualization as deemed appropriate to facilitate reading.

The plaintiff noticed at some point in the chat exchanges that the chat page would bounce to a new page frequently, scramble certain characters, with no obvious possibility to rewind the conversations or save at the end as is commonly available for other online chat services.Consequently, the flow of screenshot conversation is continuous for the last Comcast representative identified in the transcript as Bhavya.

*COMPLAINT - 3*

Alarmed by an email around 3:25pm purporting to a Mobile order confirmation that the plaintiff had very specifically declined, and the information showing on his account screen, after three hours of dilatory and evasive tactics by the defendant's representatives, the plaintiff at long last received firm and unambiguous confirmation from Comcast Representative Bhavya that all his Xfinity Mobile contracts had been voided and all accounts had been closed at 4:30pm prior to ending the chat conversation .

The transcript of the screenshot of that exchange on June 19, 2024 clocked at 4:30pm goes as follows:

*Comcast representative: As per your request, I have deactivated the lines, and **right now there are no active lines on your account**, so don't worry about anything.*

*Apart from this, is there anything I can assist you with?*

*Plaintiff: I do not want you to send me anything.*

*Comcast representative: Okay sure.*

*Plaintiff: Can you confirm that any contract for a MOTO G 5G that may have been entered by your colleague today has been cancelled? Thank you*

*Comcast representative: yes Sure!!*

*Is there anything else I can assist you with today?*

*Plaintiff: Thank you.*

Yet, on June 19, 2024 at 4:36 after the chat had been closed, the plaintiff received an email from the defendant informing him that "his order was on its way."

On June 20,2024, the plaintiff's credit card was charged by the defendant for $10.00. Alarmed, the plaintiff contacted the credit card company, challenged them, and had them

*COMPLAINT - 4*

reversed by the credit card company upon showing evidence of his having cancelled the service with the defendant for phone connection services. The plaintiff further advised the credit card company to not accept any further attempted charges from the defendant's Xfinity mobile.

Plaintiff's phone records indicate that throughout July, several representatives of Defendant Comcast called Plaintiff's phone number.

Plaintiff's phone records show that on Tue, Jul 2, 2024, 6:39 PM, the following transcript of a voicemail was automatically generated:

> *I was just Samantha Wood said Xfinity Mobile activation team. We're reaching out due the fact that you signed up for Xfinity mobile service. Put it to activate your device. You can reach us to 888-239-9795 or going to Xfinity mobile.com/activate for details on activation process. Welcome to Xfinity mobile and have a great day.*

Plaintiff's phone records also show that on Fri, Jul 12, 2024, 6:31 PM, the following transcript of a voicemail was automatically generated:

> *Hi, my name is Elizabeth with Xfinity Mobile activation team. We are reaching out due to the fact that she was signed up for mobile services, but have yet to activate your device. You can contact us at 888-239-9795 or visit us at xfinity.com/mobile for detailed steps on completing your activation process. Please be advisor of receiving your shipment 7 days later than cycle will start. Welcome to Xfinity mobile. Have a great day.*

MGL Part I Title XV Ch 93 Section 43 states that *"Any person who receives unsolicited goods, wares or merchandise, offered for sale, but not actually ordered or requested*

Date Filed 5/28/2025 2:03 PM
Superior Court - Middlesex
Docket Number

*by him orally or in writing, shall be entitled to consider such goods, wares or merchandise an unconditional gift, and he may use or dispose of the same as he sees fit without obligation on his part to the sender."*

On July 19, 2024, Plaintiff received an email from Xfinity Mobile (support@xfinitymobile.com), subject titled:*"Your billing cycle has ended."* and stating *"Your Jun 19 - Jul 18 billing cycle has ended. Your bill statement is* **$63.44***"*

On August 5, 2024, at 12:15pm, Plaintiff received an email from Xfinity Mobile (support@xfinitymobile.com), subject titled:*"Please make a payment today."* and stating *"We've been unable to charge the [card] on file for your payment for your monthly Xfinity Mobile services.To avoid a suspension of your out-bound calling, mobile data, and text messages service, make sure your payment information is current, then make a one-time payment before August 06"*

That same August 5, 2024 at 12:47pm, Plaintiff sent a protest email to support@xfinitymobile.com, with copies of the screenshot confirmation of service cancellation taken on June 19, 2024.

That same August 5, 2024, at 1:04pm, Plaintiff also sent a copy of the email together with the screenshots by text to the defendant preferred text service at (888) 936-4968.

On August 19, 2024, plaintiff received an email from Xfinity Mobile (support@xfinitymobile.com) , subject titled:*"Your billing cycle has ended."* and stating *"Your Jun 19 - Jul 18 billing cycle has ended. Your bill statement is* **$175.23***"*

On August 21, 2024, plaintiff received an email from Xfinity Mobile (support@xfinitymobile.com) , subject titled:*"You have a past due balance on your account."* and

COMPLAINT - 6

Date Filed 5/28/2025 2:03 PM
Superior Court - Middlesex
Docket Number

stating "*Update your card on file. You have a past due balance of $110.97, and we've been unable to charge your [card] on file. To avoid service suspension on August 28, make sure your Xfinity app to update your card on file and make a payment.*"

On September 10, 2024, plaintiff received an email from Xfinity Mobile (support@xfinitymobile.com) , subject titled:"*Service suspended for non-payment*" and stating "*Avoid service disconnection. Your Xfinity Mobile service was suspended because we have been unable to charge your [card] on file. If you do not update your payment information to address the $175.23 balance on your account, your service will be disconnected. If your Xfinity Mobile service is disconnected, you will be required to reapply for Xfinity Mobile service and pay the full outstanding balance to restart Xfinity Mobile services.*"

On September 19, 2024, plaintiff received an email from Xfinity Mobile (support@xfinitymobile.com) , subject titled:"Your billing cycle has ended." and stating "*Your Jun 19 - Jul 18 billing cycle has ended. Your bill statement is $229.49*"

On October 6, 2024, plaintiff received an email from Xfinity Mobile (support@xfinitymobile.com) , subject titled:"*Your account will be disconnected.*" and stating "*Avoid impacting your credit score. You have past-due balance of $308.58 on your Xfinity Mobile account. If you do not pay your past-due balance by October 20, **your account will be sent to an outside collections agency and may be reported to credit bureaus**. This can impact your credit score*"

On October 9, 2024, plaintiff received an email from Xfinity Mobile (support@xfinitymobile.com) , subject titled:"*Your payment didn't go through.*" and stating "*Please check your card info and make a payment. We were unable to process your recent payment of $362.84 on October 09 with the [ card] on file. Please update your payment information or make a one-time payment*

Date Filed 5/28/2025 2:03 PM
Superior Court - Middlesex
Docket Number

*today to avoid a service downgrade. If you don't make a payment within 5 days, your service will be suspended.*"

On October 19, 2024, plaintiff received an email from Xfinity Mobile (support@xfinitymobile.com) , subject titled:"*Your billing cycle has ended.*" and stating " *Your Sep 19 - Oct 18 billing cycle has ended. Your bill statement is $**404.56** and will automatically be charged to your [card] on file on Nov 08.*"

On November 19, 2024, plaintiff received an email from Xfinity Mobile (support@xfinitymobile.com) , subject titled:"*Your billing cycle has ended.*" and stating "*Your Oct 19 - Oct 19 billing cycle has ended. Your bill statement is $**409.56** and will automatically be charged to your [card] on file on Dec 09*"

As of January 22, 2025, on Defendant Comcast's Xfinity Mobile, the Plaintiff's Xfinity Account had a required payment of **$272.87**.

### B. Plaintiff's M.G.L, Chapter 93A, Section 9 30 Day Demand letter to Comcast

On October 9, 2024, plaintiff sent via certified mail tracking number 70222410000188061327 which arrived to defendant Comcast's P.O. Box on **October 12, 2024,** a 30 day demand letter to Defendant Comcast pursuant to M.G.L Ch 39A, Section 9, alleging violations of state and federal laws and seeking injunctive and compensatory relief.

Specifically, plaintiff alleged violations of M.G.L Ch 39A, Section 2,5 U.S. Code § 45 unfair or deceptive acts or practices, violations of the implied covenant of good faith and fair dealing, (3) intentional and negligent infliction of emotional distress. Plaintiff claimed

economic injury or loss as inability to attend to business affairs causing me a loss of $43,159.85 in levy;  and loss income of $100,000 or more;

Plaintiff demanded relief as ceasing and desisting all collection efforts and requested that Comcast update their account records to reflect the promises they and their agent made to him on June 19, 2024. Additionally plaintiff demanded that Defendant Comcast promptly pay damages in the amount of $ 143,159.85.

Plaintiff stated that he stood available to share the evidence in support of his claims, and would further request discovery on the defendant Comcast to add even more evidence in support of his claims.

On Saturday November 23, 2024, a representative from Defendant Comcast identified themselves as "Cheryl L. Xfinity -  Executive Customer Relations" emailed Plaintiff a response letter stating: "*On June 19, 2024, you ordered a Motorola Moto G device on a 24-month device payment plan. You did not deactivate the device until September 25, 2024. At that time, you had an outstanding unpaid balance of $404.56, which included an outstanding device payment plan balance of $133.35. These charges are valid. The results of our investigation identified no evidence to substantiate a claim of fraud or deceptive practices. Contrary to the allegations contained in your recent correspondence, there is no evidence that Comcast violated Chapter 93A of the Massachusetts Antitrust Act.*" A copy of the same letter was also sent via UPS tracking number 1Z31W4130169313351, and delivered to plaintiff's address on November 26, 2024.

In their response, the defendant Comcast representative Cheryl L provided no details as to how they conducted the investigation. They provided no evidence of any kind in

*COMPLAINT - 9*

support of their claims that would lead a fair minded person to conclude they investigated reasonably and in good faith.

Plaintiff swears and affirms, on the strength of personal recollection and careful review of email and phone records that would have otherwise existed, that he did not initiate, nor participated in any communication of any kind between himself and any representative of the defendant on September 25, 2024, or any day on or about September 25, 2024. Plaintiff swears and affirms that he did not deactivate any account with Defendant comcast on September 25, 2024.

### C. Complaint with the Commonwealth of Massachusetts Department of Telecommunications and Cable (a.k.a DTC)

Plaintiff filed a complaint against Defendant Comcast with DTC on October 10, 2024.

On Friday October 18, 2024, a representative of the defendant identifying themselves by the name "Curtis" under the unit name "Xfinity Mobile Executive Resolutions" emailed the plaintiff stating that "Xfinity Mobile has received your regulatory complaint, however, I have been unable to reach you. Please note that before we can release any account information via email, I must first speak with you to authenticate the account. For immediate assistance, please reach out to the Xfinity Mobile Center of Excellence at 888-936-4968." The email followed up on an earlier voicemail left to the plaintiff that same day.

In response to that voicemail plaintiff called the phone number 888-936-4968, which dragged him through a labyrinth of connections alternatives without a clear path to reach the person who left the voicemail.

*COMPLAINT - 10*

In response to the October 18 email, plaintiff responded on Monday October 21 to Curtis that *"Please see attached correspondence sent to you on October 9,2024 via certified mail, to which I request a written response within 30 days."* Attached to the email was plaintiff's 30 day demand letter sent on October 9, 2024.

Plaintiff received a DTC letter dated October 23, 2024 by DTC representative named John McVeety sharing that the named Curtis had responded on October 21, 2024 for Comcast as *"Upon receipt of the complaint, a thorough investigation was conducted. Our records do not support the claim that Philibert Kongtcheu cancelled or requested cancellation of service; in March or April of 2024, as the complaint states. Billing invoices for the periods of March 19, 2024 - April 18. 2024, April 19. 2024 - May 18, 2024, May 19, 2024 - June 18, 2024, show network usage of mobile data, and phone calls.*

*The line for a Galaxy A42 was deactivated on June 19, 2024. The first day of the billing period June 19, 2024 - July 18, 2024, reflects mobile data usage. Philibert Kongtcheu added additional services on June 19. 2024 with the purchase of a Motorola Moto G with a 24-month, device payment plan. The account currently has a past due balance of $226.15, and removal from collection status is not warranted. I made multiple attempts to contact Philibert Kongtcheu; to explain the above information but was unsuccessful."*

In their response, the defendant Comcast Curtis provided no details as to how they conducted their investigation to make the representations alleged. They provided no evidence of any kind in support of their claims that would lead a fair minded person to conclude that they investigated reasonably and in good faith.

The Comcast representative Curtis never disclosed to the plaintiff to whom they were prohibited to disclose the plaintiff's account information as alleged in their Oct 18 email, and which statute mandated that they speak with the plaintiff verbally rather than through email

communication to obtain such consent. They did not mention that purported requirement in their response letter to the DTC.

Plaintiff's DTC case manager John McVeety and DTC representative named Mara on 11/04/2024 indicated to the plaintiff that DTC lacks investigative authority and acts primarily as intermediary to facilitate resolutions of disputes.   .

### D.  Complaint with the Commonwealth of Massachusetts Office of the Attorney General (a.ka. OAG)

On October 9, 2024, plaintiff filed a complaint with the OAG.

As of this January 15, 2025, the OAG has not updated the plaintiff on the status of their complaint.

### E.  Complaint with the Federal Communications Commission (a.k.a FCC)

On Monday, Oct 14, 2024, Plaintiff filed a complaint with the Federal Communications Commission titled *"Continuous billing for cancelled services despite repeated protests"*

On Monday October 21, 2024, a representative of the defendant identifying themselves by the name "Gabrielle K" under the unit name "Xfinity Mobile Executive Resolutions" emailed the plaintiff stating that *"Xfinity Mobile has received your FCC complaint, and I will be assisting you with your concerns. Unfortunately, we have been unsuccessful in contacting you. I will be your Xfinity Mobile point of contact. I can be reached at 844-963-0087 extension 3050536. Please note that before we can release any account information via email, I must first speak with you to authenticate the account. I will make another attempt to reach you in 1-3 working days. I am looking forward to hearing from you."*

*COMPLAINT - 12*

On Wednesday October 23, 2024, at 2:45pm Plaintiff replied to the Gabrielle K email exactly as he had replied to the Curtis email as "Please see attached correspondence sent to you on October 9, 2024 via certified mail, to which I request a written response within 30 days. "

That same October 23, 2024, at 2:47pm the same Gabrielle K. left a voicemail for the plaintiff with a similar message.

That same October 23, 2024, at 2:52 pm the same Gabrielle K. responded to the 2:45pm email as *"As stated in the previous email, before we can release any account information. I must verbally speak with you to authenticate the account. Please respond with a date and time for me to speak with you."* Plaintiff called back at 3:58pm on 10/24, but was directed to a voicemail.

The Comcast representative Gabrielle K. never disclosed to the plaintiff to whom they were prohibited to disclose the plaintiff's account information, and which statute mandated that they speak with the plaintiff verbally rather than through email communication to obtain such consent.

As of January 15, 2025, the FCC has not updated the plaintiff of the status of the complaint.

### F. Dealings with Defendant Credence Resource Management, LLC (a.k.a. CRM)

Starting in mid October 2024, CRM started making calls to plaintiff's phone number in harassing, oppressing, or abusive manner, and plaintiff objected to them.

In a letter dated October 23, 2024, and mailed to the plaintiff, CRM demanded payment in the amount of **$404.56** as debt collector for a debt allegedly owed to Defendant Comcast.

In response plaintiff sent on November 4, 2024 legal notice to CRM pursuant to the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, to cease and desist further communication with the plaintiff in regard to the referenced debt.

In a letter dated November 21, 2024 and titled DISPUTE INVESTIGATION RESPONSE, CRM acknowledged receipt of plaintiff's cease and desist letter, but reaffirmed that the disputed debt was valid.

In their letter, CRC provided no details as to how they conducted their investigation to formally conclude that the debt was valid and accurate. They provided no evidence of any kind in support of their claims that would lead a fair minded person to conclude that they investigated reasonably and in good faith.

## II.  THEORIES OF RELIEF

Defendants (1) Comcast Corporation, (2) Comcast Representative X; (3) Comcast Representative Bhavya; (4) Comcast Representative Curtis Xfinity -  Executive Customer Relations; (5) Comcast Representative Gabrielle K. Xfinity - Executive Customer Relations; and (6) Comcast Representative Cheryl L. Xfinity - Executive Customer Relations, will be identified as a group as "The Comcast parties".

**Count 1: The Comcast parties each violated Massachusetts General Laws, Chapter 93A, Section 2 & Section 9 in their dealings with the plaintiff**

Plaintiff repeats and realleges each of the foregoing allegations as if fully set forth herein;

The Comcast parties have engaged in unfair methods of competition and unfair or deceptive acts or practices in the conduct of trade or commerce on June 19, 2024, and thereafter .

Confronted with a 30 day demand letter, setting forth facts easy to verify the Comcast parties failed to respond within the 30 day deadline and rather belatedly doubled down with further deceptive statements

Confronted with complaints to state and federal regulatory agencies as set forth in the statement of facts, the Comcast parties further raised the stakes of deceptive acts or practices with perjurious statements to the regulatory agencies

**Count 2: Defendant Comcast Corporation violated 47 CFR § 64.2401 the Truth in Billing Act in its billing practices with the plaintiff:**

Plaintiff repeats and realleges each of the foregoing allegations as if fully set forth herein;

47 CFR § 64.2401(d) directed to Clear and conspicuous disclosure of inquiry contacts, mandates that:

Telephone bills must contain **clear and conspicuous disclosure** of any information that the subscriber may need to make inquiries about, or contest, charges on the bill. **Common carriers must prominently display on each bill a toll-free number or numbers by which subscribers may inquire or dispute any charges on the bill.** A carrier may list a toll-free number for a billing agent, clearinghouse, or other third party, provided such party possesses sufficient information to answer questions concerning the subscriber's account and is fully authorized to resolve the consumer's complaints on the carrier's behalf. Where the subscriber does not receive a paper copy of his or her telephone bill, but instead accesses that bill only by e-mail or internet, the carrier may comply with this requirement by **providing on the bill an**

*COMPLAINT - 15*

Date Filed 5/28/2025 2:03 PM
Superior Court - Middlesex
Docket Number

**e-mail or web site address.** Each carrier must make a business address available upon request from a consumer.

Defendant Comcast Corporation violated 47 CFR § 64.2401(d) and (e) by not providing on any of the bills to the plaintiff, notice of a toll free number, email or website where a customer may *"inquire or dispute any charges on the bill"* that is provided in a clear and conspicuous manner, i.e. 47 CFR § 64.2401(e), a *notice that would be apparent to the reasonable consumer.*

Under 47 U.S.C. § 502, any person who willfully and knowingly violates a regulation of the Federal Communications Commission is subject to a maximum fine of $500 for each day on which a violation occurs.

47 CFR § 64.2401(g) prohibits unauthorized charges by mandating that Defendant Comcast, as a carrier, *"shall not place or cause to be placed on any telephone bill charges that have not been authorized by the "* plaintiff.

Plaintiff's statement of facts shows that by continuing to send telephone bill charges from June 19, 2024 onwards for services that had not been authorized by the plaintiff, Defendant Comcast violated 47 CFR § 64.2401(g) for each and every day where any such bill stood.

## Count 3: Defendants The Comcast Parties Intentionally Inflicted Emotional Distress on the Plaintiff

Plaintiff repeats and realleges each of the foregoing allegations as if fully set forth herein;

Date Filed 5/28/2025 2:03 PM
Superior Court - Middlesex
Docket Number

As factually evidenced in this complaint's statement of facts, on June 19, 2024, and continuing to the day of this filing, the defendants Comcast Parties engaged in (1) extreme and outrageous conduct, (2) with the intent of inflicting emotional distress upon the plaintiff, (3) causing (4) severe emotional distress at the very least of sufficient intensity as to prompt plaintiff to file complaints to the various state and federal law enforcement and regulatory agencies detailed herein, file this complaint, and seek therapeutic relief.

Plaintiff suffered shock, great indignity, and severe emotional harm of a nature that no reasonable person could be expected to endure, as a result of which the plaintiff was unable to attend urgent personal and professional matters for months at substantial financial cost and emotional injury.

**Count 4: Defendant The Comcast Parties committed Intentional Misrepresentation or Fraud against the plaintiff, and violated General Laws  Part III  Title II  Chapter 231 Section 85J**

Plaintiff repeats and realleges each of the foregoing allegations as if fully set forth herein;

General Laws  Part III  Title II  Chapter 231 Section 85J, states:. *"Whoever, by deceit or fraud, sells personal property shall be liable in tort to a purchaser in treble the amount of damages sustained by him."*

*COMPLAINT - 17*

Date Filed 5/28/2025 2:03 PM
Superior Court - Middlesex
Docket Number

As factually evidenced in this complaint's statement of facts, on June 19, 2024, and continuing to the day of this filing, the defendants Comcast Parties engaged in deceit, intentional misrepresentation or fraud against the plaintiff to sell a Moto 5G and a two year mobile phone.

**Count 5: Defendant Credence Resource Management LLC violated the Fair Debt Collection Practices Act ("FDPCA") 15 U.S.C. § 1692e (2)(A) and § 1692g (b), and engaged in statutory unfair or deceptive acts or practices**

Plaintiff repeats and realleges each of the foregoing allegations as if fully set forth herein;

Defendant Credence Resource Management, LLC violated the Fair Debt Collection Practices Act 15 U.S. Code § 1692e (2)(A) by making False or Misleading Representations by *"Falsely representing the character, amount, or legal status of the debt"* as **valid**, with no probable means of supporting that representation, as the defendant Comcast could not have provided them with evidence that could reasonably support such a determination.

Indeed, 15 U.S. Code § 1692g (b)  emphasizes that *"the debt collector shall cease collection of the debt, or any disputed portion thereof, **until the debt collector obtains verification of the debt** or a copy of a judgment, or the name and address of the original creditor, **and a copy of such verification** or judgment."*

Date Filed 5/28/2025 2:03 PM
Superior Court - Middlesex
Docket Number

As such, the defendant Credence Resource Management, LLC is co-contributor to, and jointly liable for the intentional infliction of emotional distress endured by the Plaintiff, and punitive damages, and costs and attorney's fee. See:15 U.S. Code § 1692k.

https://www.ecfr.gov/current/title-12/chapter-X/part-1006/subpart-B/section-1006.34

940 CMR 7.00 §7.08 regarding validation of debts states[1]:

> *(1) It shall constitute an unfair or deceptive act or practice for a creditor to fail to provide to a debtor or an attorney for a debtor the following within five business days after the initial communication with a debtor in connection with the collection of a debt, unless the following information is contained in the initial communication or the debtor has paid the debt:*
>
> *(a) The amount of the debt;*
>
> *(b) The name of the creditor to whom the debt is owed;*
>
> *(c) A statement that unless the debtor, within 30 days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the creditor; and*
>
> *(d) A statement that if the debtor notifies the creditor in writing within 30 days after receipt of this notice that the debt, or any portion thereof is disputed, the creditor will obtain verification of the debt <u>and provide the debtor, or an attorney for the debtor, additional materials described in 940 CMR 7.08(2).</u>*

---

[1] https://www.mass.gov/doc/940-cmr-7-debt-collection-regulations/download

*COMPLAINT - 19*

Date Filed 5/28/2025 2:03 PM
Superior Court - Middlesex
Docket Number

*(2) If the debtor, or any attorney for the debtor, notifies the creditor in writing within the 30-day period described in 940 CMR 7.08(1), that the debt, or any portion thereof, is disputed, the creditor shall cease collection of the debt, or any disputed portion thereof, until the creditor verifies the debt and provides the debtor, or any attorney of the debtor, by first class mail, the following materials:*

*(a) <u>All documents, including electronic records or images, which bear the signature of the debtor and which concern the debt being collected;</u>*

*(b) A ledger, account card, account statement copy, or similar record, whether paper or electronic, which reflects the date and amount of payments, credits, balances, and charges concerning the debt, including but not limited to interest, fees, charges or expenses incidental to the principal obligation which the creditor is expressly authorized to collect by the agreement creating the debt or permitted to collect by law;*

*(c) The name and address of the original creditor, if different from the collecting creditor;[...]*

Defendant Credence Resource Management, LLC never provided plaintiff with any documents, electronic records or images, which bore the signature of the plaintiff and regarding the debt being collected

### III.  **COSTS AND ATTORNEY FEES**

Plaintiff is entitled to recover its costs and reasonable and necessary attorney fees incurred herein under M.G.L. c. 93A, M.G.L. c. 12 Massachusetts Civil Rights Act (MCRA) § 11I for which they hereby sue.

Date Filed 5/28/2025 2:03 PM
Superior Court - Middlesex
Docket Number

## IV. **JURY DEMAND**

Plaintiffs requests a trial by jury, pursuant to Massachusetts Rules of Civil Procedure Rule 38 of the on all issues triable of right by jury.

## V. **PRAYER FOR RELIEF**

WHEREFORE, plaintiff demands judgment against defendant in the sum of Five Million dollars ($5,000,000), plus interest and costs.

Such other and further relief in either law or in equity as the court deems just and proper.

Dated this 27th day of May, 2025.

*/s/Philibert F. Kongtcheu*

*_____*

***Philibert F. Kongtcheu*, Plaintiff**

*COMPLAINT - 21*